IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**      CASE NO. 3:23 CR 627

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**JAMES LAWSON,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

In December 2023, James Lawson was indicted on charges of, *inter alia*, felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 10, at 3) (Count Four). This charge is based on Lawson's alleged possession of a firearm and ammunition in September 2023, despite a May 1994 felony conviction for rape. *See id*. Lawson moves the Court to dismiss this count of the indictment. (Doc. 19). The Government opposes. (Doc. 20). Lawson did not file a reply and the time in which to do so has expired.

For the reasons set forth below, Lawson's motion is denied.

## DISCUSSION

Lawson moves to dismiss Count Four of the indictment, arguing § 922(g)(1) is unconstitutional on its face and as applied to him in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). (Doc. 19). The Government's response is three-fold. It contends (1) Sixth Circuit precedent requires a finding that § 922(g) is constitutional, (2) the Court can deny Lawson's motion on the merits applying *Bruen*'s analytical framework because the Second Amendment permits disarmament of non-law-abiding citizens,

and (3) Section 922(g)(1) is constitutional as applied to Lawson due to his dangerous criminal history. (Doc. 20).

Since the filing of Lawson's motion to dismiss, the Sixth Circuit issued a decision that forecloses his facial challenge to § 922(g)(1), and applying its framework to Lawson, the Court finds also forecloses his as applied challenge. *See United States v. Williams*, 113 F.4th 637, 662-63 (6th Cir. 2024) (holding "§ 922(g)(1) is constitutional on its face and as applied to dangerous people"). In *Williams*, the defendant raised both a "facial" and an "as applied" challenge to the constitutionality of § 922(g)(1). *Id.* at 643.

Facial Challenge

In addressing the facial challenge, *Williams* applied *Bruen*'s analytical framework and found that the "Second Amendment's plain text presumptively protects Williams's conduct." *Id.* at 649 (finding Williams, a convicted felon, was "a member of the people claiming 'the right' to possess a gun—to 'keep and bear arms.'" (quoting *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008)). The court then engaged in extensive exploration and discussion of the history of gun regulation before concluding that "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous. Section 922(g)(1) is an attempt to do just that. Because . . . most applications of § 922(g)(1) are constitutional, the provision is not susceptible to a facial challenge." *Id.* at 657. *Williams*, therefore, forecloses Lawson's facial challenge to § 922(g)(1).

"As Applied" Challenge

Next, in *Williams,* the Sixth Circuit found the defendant's "as applied" challenge to § 922(g)(1) failed because his "criminal record shows that he's dangerous[.]" *Id.* at 662. The court observed Williams had been convicted of two felony counts of aggravated robbery, which it

2

noted was a crime "[a]ccomplished with a deadly weapon." *Id.* "That offense alone[,]" the court found, was "sufficient to conclude that Williams, if armed, presents a danger to others or the public." *Id.* But Williams had also been convicted of attempted murder and had a prior conviction of being a felon-in-possession. *Id.* Such a showing, the court held, was more than sufficient to demonstrate that "Williams may be constitutionally disarmed through a class-based statute like § 922(g)(1)." *Id.*

> The court in *Williams* concluded:
>
> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.

*Id.* at 663.[1] The court further instructed that district courts "need not find a 'categorical' match to a specific common-law crime to show that a person is dangerous" but should instead "make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id.* In so doing, courts "may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution." *Id.*

Lawson entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), and was convicted of rape, a crime falling in the first category identified by *Williams* – a crime "against the body of another human being[.]" *Id.* The Court has no difficulty concluding that, like *Williams*, Lawson's "criminal record shows that he's dangerous." *Id.* at 662. Although Lawson

---

1. The court in *Williams* observed that "[a] more difficult category involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." 113 F.4th at 663. It noted, however, that "such a case [was] not before" the court. *Id*. This category is also not before this Court in the instant case.

3

entered an *Alford* plea to the rape charge, for such a conviction "the defendant has 'necessarily' admitted to the elements of the charge but not necessarily the underlying factual basis." *United States v. McMurray*, 653 F.3d 367, 381 (6th Cir. 2011) (overruled on other grounds by *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017)). The elements of the rape crime of conviction are sufficient to demonstrate dangerousness under *Williams*, and, indeed, Lawson has not filed a reply to satisfy his burden to show otherwise. *See Williams*, 113 F.4th at 662 ("the burden rests on [the defendant] to show he's not dangerous"). The Court therefore rejects Lawson's "as applied" challenge to § 922(g).

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Lawson's Motion to Dismiss Count Four of the Indictment (Doc. 19) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 8, 2024